UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 1539 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| TIMOTHY EVANS, OFFICE OF THE CHIEF JUDGE | ) | |
| OF THE CIRCUIT COURT OF COOK COUNTY, | ) | |
| AVIK DAS, WILLIAM PATTERSON, JENNIFER | ) | |
| NUNEZ, SHARON THROW KOC, KATE | ) | |
| GAILBRAITH-VERRANT, COOK COUNTY | ) | |
| JUVENILE PROBATION, AFSCME LOCAL 3477, | ) | |
| AFSCME COUNCIL 31, LLOYD MARSHALL, | ) | |
| STEVE KASPERSKI, MICHAEL NEWMAN, and | ) | |
| ROBERTA LYNCH, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Jason Smith filed this *pro se* suit against the Office of the Chief Judge, Cook County Juvenile Probation, Chief Judge Timothy Evans, Avik Das, Katherine Gailbraith-Verrant, Jennifer Nunez, William Patterson, and Sharon Throw-Koc (collectively, "OCJ Defendants"), and AFSCME Council 31, AFSCME Local 3477, Steve Kasperski, Roberta Lynch, Lloyd Marshall, and Michael Newman (collectively, "AFSCME Defendants"). Doc. 1. OCJ Defendants moved to dismiss the complaint and strike its class allegations, Docs. 34, 36, and AFSCME Defendants moved to dismiss and for partial summary judgment, Doc. 38. The court granted the motions and dismissed the complaint without prejudice, ruling that Smith could not bring a class action *pro se* and that his individual claims were barred as duplicative of those he had brought against those defendants in *Smith v. Evans*, No. 18 C 8075 (N.D. Ill.) ("*Smith I*")—

1

which themselves were dismissed.  Docs. 67-68 (reported at 2019 WL 6327423 (N.D. Ill. Nov. 25, 2019)) (joint opinion addressing both this suit and *Smith I*).

Smith then filed in this suit an amended complaint, which purports to state claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. §§ 1981, 1983, and 1985; the Illinois Civil Rights Act ("ICRA"), 740 ILCS 23/1 *et seq.*; the Illinois Probation Act, 730 ILCS 110/13; state contract law; and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Doc. 70.  AFSCME Defendants and OCJ Defendants move to dismiss.  Docs. 81, 84.  The motions are granted.

## Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions.  *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).  The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Smith's briefs opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).  The facts are set forth as favorably to Smith as those materials allow.  *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016).  In setting forth the facts at the pleading stage, the court does not vouch for their accuracy.  *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

A detailed description of Smith's allegations in *Smith I* and his original complaint in this suit appears in the court's prior opinion, familiarity with which is assumed.  His amended complaint here offers much the same as his original complaint, though it deletes some

2

allegations, such as those describing the treatment of other probation department employees. The essential facts are as follows.

Smith, an African-American man, Doc. 70 at ¶¶ 105, 164, worked from 2003 to 2018 as a juvenile probation officer for the Cook County Juvenile Probation and Court Services Department. *Id*. at pp. 2-4; *id*. at ¶ 148. After being elected in May 2012 as Vice President of AFSCME Local 3477, Smith used his role to challenge discriminatory practices within the probation department and the union. *Id*. at p. 3; *id*. at ¶¶ 33, 35-36, 39-42, 47, 51. Smith alleges that a series of negative events resulted from those efforts. In March 2016, a superior used racist and derogatory language at a meeting, to which Smith objected. *Id*. at ¶ 67. In May 2016, he was not allowed to use a room in the juvenile court building that he had reserved. *Id*. at ¶ 68. In June 2016, he was denied a work schedule modification that had previously been granted to a white probation officer. *Id*. at pp. 3-4; *id*. at ¶¶ 69-71. And in September 2017, he discovered a disparaging document in his personnel folder. *Id*. at p. 4; *id*. at ¶ 76.

Smith pursued legal and administrative remedies for that alleged mistreatment, *id*. at ¶¶ 46, 77, 114, and in 2017 he began searching for another job, *id*. at ¶¶ 78-81. On February 16, 2018, he submitted his resignation to Chief Judge Evans and Patterson after accepting a job with the Civilian Office of Police Accountability ("COPA") of the City of Chicago. *Id*. at ¶¶ 80-81, 85. Smith's contract with the Juvenile Probation Department provided that "[u]pon resignation the employment relationship shall terminate." *Id*. at ¶ 97.

In May and June 2018, OCJ Defendants provided the City and COPA with false and disparaging information about Smith, including that he had been terminated. *Id*. at ¶¶ 90-91, 93, 107. Smith eventually filed a grievance over what he calls his "termination" from the probation department. *Id*. at ¶ 94. In his telling, AFSCME Defendants mishandled that grievance. *Id*. at

3

¶¶ 94, 96, 100, 160-162.  Smith also alleges that AFSCME Defendants made false statements against him and attempted to remove him from his elected office in Local 3477.  *Id.* at ¶ 52.

In *Smith I*, the court dismissed Smith's claims against AFSCME Defendants and OCJ Defendants but allowed certain claims against the City of Chicago to proceed.  2019 WL 6327423, at *10.  Smith appealed the dismissal of his claims against AFSCME Defendants and OCJ Defendants, Notice of Appeal, *Smith I*, No. 18-8075 (N.D. Ill. Dec. 23, 2019), ECF No. 154, but the Seventh Circuit dismissed the appeal because final judgment had not been entered, Certified Copy of Order Dated 2/13/20 from the 7th Circuit Regarding Notice of Appeal, *Smith I*, No. 18-8075 (N.D. Ill. Mar. 6, 2020), ECF No. 177.

## Discussion

The court begins with Smith's breach of contract and LMRA claims.  As the court's prior opinion explained, 2019 WL 6327423, at *7, the Illinois Public Labor Relations Act ("IPLRA"), 5 ILCS 315/1 *et seq.*, "confer[s] exclusive jurisdiction on the Illinois Labor Relations Board over matters involving collective bargaining agreements between public employers and employees, including breach of contract claims."  *McGreal v. Vill. of Orland Park*, 2013 WL 3984477, at *11 (N.D. Ill. Aug. 2, 2013) (collecting cases); *see also Cessna v. City of Danville*, 693 N.E.2d 1264, 1270-71 (Ill. App. 1998) (dismissing a public employee's claim that she was discharged in violation of a collective bargaining agreement, reasoning that the Board had exclusive jurisdiction over claims requiring interpretation of a collective bargaining agreement).  Smith's contract claim is premised on the violation of the collective bargaining agreement governing his public employment, Doc. 70 at ¶ 161, so the court lacks jurisdiction over that claim.

Smith's LMRA claim alleges that AFSCME Defendants violated their duty of fair representation by mishandling his grievance.  *Id.* at ¶ 162.  Because the LMRA defines

4

"employer" to exclude "the United States … or any State or political subdivision thereof," 29 U.S.C. § 152(2), and because the Office of the Chief Judge is a political subdivision of the State, Smith has no viable LMRA claim against the Office of the Chief Judge (the only OCJ Defendant at issue for that claim). *See Young v. Dart*, 2015 WL 2448311, at *4 (N.D. Ill. May 20, 2015) ("The LMRA does not apply because … Cook County [is a] government employer[]."). Nor may Smith bring an LMRA claim against AFSCME or its officials. *See Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359-60 (7th Cir. 1998) (affirming the dismissal of a fair representation claim against the union because the employer school board, as a political subdivision, was excluded from the LMRA's definition of "employer"); *Kirsch v. AFSCME Local 2645*, 2001 WL 1593140, at *1 (N.D. Ill. Dec. 13, 2001) ("[W]e think that it follows from the fact that a state-government employee cannot sue her employer under the LMRA for breach of a collective bargaining agreement that she cannot sue her union for failing to represent her adequately in her claim against the employer for breach of the agreement."); *see also Hamilton v. Evans*, 2004 WL 1368786, at *4 n.2 (N.D. Ill. June 17, 2004) (same, in case by a probation officer against Evans and AFSCME).

Defendants argue that Smith's remaining claims—and, if not defeated on the foregoing grounds, the contract and LMRA claims—are barred by the rule against claim splitting because they could have been raised in *Smith I*. Doc. 82 at 2-8; Doc. 85 at 3-5. "The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case, when those issues could have been raised in the first litigation." *Rexing Quality Eggs v. Rembrandt Enters., Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020); *see also Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015). Simply put, "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same

5

defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (same); *CIVIX–DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906, at *4 (N.D. Ill. May 2, 2005) ("Courts prohibit a litigant from splitting its claims into multiple actions when the litigant should have brought the claims in a single action."). Because Smith could have brought in *Smith I* the claims set forth in his amended complaint here, the claim splitting doctrine prevents him from bringing those claims here. *See Chi. Title Land Tr. Co. v. Potash Corp. of Sask. Sales Ltd.*, 664 F.3d 1075, 1081 (7th Cir. 2011) ("Claim splitting is not a way around res judicata. To the contrary, [t]he principle that res judicata prohibits a party from later seeking relief on the basis of issues which might have been raised in a prior action also prevents a litigant from splitting a single cause of action into more than one proceeding.") (internal quotation marks omitted, alterations in original); *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) ("This case is a quintessential example of claim splitting in duplicative lawsuits, a litigation tactic that res judicata doctrine is meant to prevent.").

Smith contends that he could not have brought his Title VII claims against OCJ Defendants in *Smith I* because he did not receive a right-to-sue letter until after his claims against OCJ Defendants and AFSCME Defendants in that case were dismissed. Doc. 88 at 14. That contention fails. As the Seventh Circuit has explained, "the requirement to exhaust administrative remedies is no excuse for claim-splitting" because "a discrimination claimant who is waiting for a right-to-sue letter on new claims that are factually linked to an earlier suit[ ]can easily ask the district court to stay the first case until the EEOC letter arrives." *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). Accordingly, because Smith's amended complaint here brings claims arising out of the same events as *Smith I*, his Title VII claims here

6

are barred by the rule against claim splitting even if he could not have brought them in *Smith I* before the court's decision in that case.

Smith's Title VII claims fail on the merits in any event. Title VII retaliation and discrimination claims require proof that the plaintiff suffered an adverse employment action. *See Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016) (retaliation); *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (discrimination). It is more difficult to allege an adverse employment action for purposes of a Title VII claim than for purposes of a First Amendment retaliation claim. *See Hobgood v. Ill. Gaming Bd.*, 731 F.3d 635, 643 (7th Cir. 2013) ("The First Amendment requires a deprivation 'likely' to deter free speech, a standard considered more lenient than the Title VII counterpart of adverse action."); *Spiegla v. Hull*, 371 F.3d 928, 941 (7th Cir. 2004) ("[A] § 1983 case does not require an adverse employment action within the meaning of the antidiscrimination statutes, such as Title VII of the Civil Rights Act of 1964."); *Power v. Summers*, 226 F.3d 815, 820-21 (7th Cir. 2000) (same). The court held in *Smith I* that the adverse employment actions Smith alleges here were insufficient to state a First Amendment retaliation claim. 2019 WL 6327423, at *6-7. It necessarily follows that those employment actions cannot meet the standard applicable under Title VII.

Smith argues that his other claims are saved by exceptions to the rule against claim splitting. Doc. 88 at 15; Doc. 89 at 12-13. Illinois has adopted from the Restatement (Second) of Judgments these six exceptions to the rule against claim splitting:

> [T]he rule against claim-splitting does not apply to bar an independent claim of part of the same cause of action if: (1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves

7

>a continuing or recurrent wrong; or (6) it is clearly and convincingly shown
>that the policies favoring preclusion of a second action are overcome for an
>extraordinary reason.

*Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1207 (Ill. 1996) (citing Restatement (Second) of Judgments § 26(1) (1980)).  Smith offers no authority suggesting that the Seventh Circuit has adopted those exceptions and, because *Smith I* was a federal question case, it is federal law that matters here.  *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in federal-question cases … federal courts participate in developing uniform federal rules of res judicata … .") (internal quotation marks and alteration omitted); *Rexing Quality Eggs*, 953 F.3d at 1002 ("[T]he law on claim-splitting is part of the law of *res judicata*.").  Even putting that aside, Smith's invocation of those exceptions is without merit.

In his response to OCJ Defendants' motion, Smith offers nothing more than a list of the exceptions and the conclusory assertion that "[a]ll of these elements exist in this matter."  Doc. 88 at 15.  With this meager presentation, Smith forfeits his argument that an exception applies to his claims against OCJ Defendants.  *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue … . Our system of justice is adversarial, and our judges are busy people.  If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).

Smith invokes the fourth, fifth, and sixth exceptions as to his claims against AFSCME Defendants.  As far as the court understands it, his argument is simply that he has stated viable claims for discrimination and retaliation.  Doc. 89 at 12-13.  It is unclear how that could justify

applying any of the exceptions, particularly because doing so would swallow the rule against claim splitting entirely. *See Chellappa v. Summerdale Ct. Condo. Assoc.*, 2017 WL 4570312, at *3 (N.D. Ill. July 25, 2017) (observing that to trigger the fourth exception, a plaintiff must show that there is a "basis in the [relevant statute] for saying that the general policies behind that [statute] are frustrated by applying the principles of *res judicata* to claims brought under that [statute]," and that it is not enough for a plaintiff to "argue[] that those principles are frustrated in [his] particular case" because that frustration "could have been avoided had [he] pursued his … claims in the [earlier] court proceeding"); *Thompson v. Bd. of Educ.*, 2018 WL 1441108, at *7 (N.D. Ill. Mar. 22, 2018) (reasoning that the mere fact that a plaintiff "still feels the impact of Defendants' conduct" does not justify applying the fifth exception because "the 'lingering effect of an earlier, distinct' wrong does not make a violation continuing") (quoting *Pitts v. City of Kankakee*, 267 F.3d 592, 595 (7th Cir. 2001)); *Chellappa*, 2017 WL 4570312, at *3 (noting that the sixth exception "is to be applied very narrowly and only in extraordinary circumstances lest it swallow the rule"). Accordingly, Smith fails to show that an exception to the rule against claim splitting applies to his claims against AFSCME Defendants.

## Conclusion

AFSCME Defendants' and OCJ Defendants' respective motions to dismiss are granted. Smith's contract claims are dismissed for lack of jurisdiction. Smith's other claims are dismissed with prejudice—except insofar as he pursues them in connection with *Smith I*—because he has already amended his complaint, Doc. 70, and does not request leave to amend or suggest how another amendment might cure the defects identified by the present motions. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a

9

complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint.").

July 20, 2020          _____
                                                                 United States District Judge